**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| TWILA M. TREJO-GUERRERO, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN, ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) | No. 03:12-CV-01895-HU <br><br> **ORDER ON MOTION FOR ATTORNEY FEES** |

Richard F. McGinty
P.O. Box 12806
Salem, OR 97309

    Attorney for Plaintiff


S. Amanda Marshall
United States Attorney
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2904

David Morado
Regional Chief Counsel, Region X, Seattle
Richard Rodriguez
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite #2900 M/S 221A
Seattle, WA 98104-7075

    Attorneys for Defendant

1 - ORDER

HUBEL, Magistrate Judge:

On January 6, 2014, the parties filed a stipulated motion for an award of attorney's fees to the plaintiff pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Dkt. #21. On January 21, 2014, I denied the motion without prejudice, noting the motion was "wholly unsupported." In my order, I quoted the EAJA, which requires that a motion for EAJA fees include "an itemized statement from any attorney . . . representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(2)(B).

The statute also requires the party seeking fees to "allege that the position of the United States was not substantially justified." *Id.* Although such an allegation may, by implication, be relieved by the Government's stipulation to an award of EAJA fees, a fee stipulation by the parties does not relieve the court of its independent duty to review a plaintiff's fee request for reasonableness. *See Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158, 110 S. Ct. 2316, 2319, 110 L. Ed. 2d 134 (1990) (observing that fee applications under the EAJA must be "supported by an itemized statement"); *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983) (observing that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," which requires the party seeking a fee award to "submit evidence supporting the hours worked and rates claimed"); *see also Frederick v. Comm'r, Soc. Sec.*, slip op., 2013 WL 3929973, at *1 (W.D. Mich. July 29, 2013) (noting the

2 - ORDER

6th Circuit "has cautioned lower courts against 'rubber stamping' EAJA fee applications"; quoting *Begley v. Sec'y, Health & Human Servs.*, 966 F.3d 196, 200 (6th Cir. 1992)).

This court takes seriously its duty to determine the reasonableness of any fee request, including one under the EAJA. In a case involving judicial review of an application for disability benefits, the amount of EAJA fees awarded may reduce the plaintiff's ultimate attorney's fee obligation if fees later are awarded under 42 U.S.C. § 406(b). As such, the award of EAJA fees directly impacts the benefits ultimately payable to the plaintiff.

However, despite this court's prior order, the plaintiff's attorney has resubmitted his motion for EAJA fees without an itemized statement of his time expended in the case. Dkt. #23. In a declaration, counsel states the "*Defendant* was presented with the hours Plaintiff's attorney expended on the appeal, considered the attorney fee hourly rate allowed by EAJA related to the hours expended, and stipulated to an attorney fee amount of $5,906.40." Dkt. #24, ¶ 4 (emphasis added). Although the parties are bound by stipulations on issues of fact, the legal effect of a fact is to be determined by the court, and is not the proper subject of a stipulation. *See, e.g., Gresham & Co. v. United States*, 470 F.3d 542, 551 (Ct. Cl. 1972).

The plaintiff's attorney further claims he has resubmitted his motion "consistent with the local rules and the practice of this court." Dkt. #24, ¶¶ 5 & 6. Nowhere in the court's Local Rules is an attorney relieved of the obligations of complying with statutory requirements in connection with a motion for EAJA fees. As far as "the practice of this court," other active members of the Social

3 - ORDER

Security bar routinely submit time records with motions for EAJA fees, whether stipulated or not, and the undersigned routinely denies unsupported EAJA fee applications that do not contain proper support.

Accordingly, the plaintiff's resubmitted motion for EAJA fees (Dkt. #24) also is **denied,** without prejudice to refiling in proper form, **no later than February 24, 2014.** Any resubmittal of the motion without proper support will be subject to denial *with* prejudice for failure to comply with an order of the court.

IT IS SO ORDERED.

Dated this 14th day of February, 2014.

/s/ Dennis J. Hubel
_____
Dennis James Hubel
Unites States Magistrate Judge

4 - ORDER